1

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

3

**ROLANDO CAMUNAS**,                         )
                                                                    )   **Case No.: 2:21-cv-01005-ER**

4                    Plaintiff,                                )
                                                                    )

5           v.                                                   )
                                                                    )

6    **NATIONAL REPUBLICAN**            )   **AMENDED COMPLAINT AND**
      **SENATORIAL COMMITTEE**,        )   **DEMAND FOR JURY TRIAL**

7                                                                )
                                                                    )

8    _____Defendant._____)

9

10                                **AMENDED COMPLAINT**

11          ROLANDO CAMUNAS ("Plaintiff"), by and through his attorneys, KIMMEL &

12   SILVERMAN, P.C., alleges the following against NATIONAL REPUBLICAN SENATORIAL

13   COMMITTEE ("Defendant" or "NRSC"):

14                                **INTRODUCTION**

15          1.      Plaintiff's Amended Complaint is based on the Telephone Consumer Protection

16   Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

17                            **JURISDICTION AND VENUE**

18          2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v.

19   Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

20          3.      Defendant conducts business in the Commonwealth of Pennsylvania.

21          4.      Plaintiff resides in the Commonwealth of Pennsylvania.

22          5.      The acts and omissions described herein occurred primarily in the

23   Commonwealth of Pennsylvania.

24          6.      Accordingly, personal jurisdiction is established.

25

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

7.      Plaintiff resides in Philadelphia and received the unwanted text messages in Philadelphia on his (215) area cell phone.

8.      Accordingly, Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

9.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

10.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

11.     Defendant is a corporation that has its headquarters located at 425 2ND Street NE, Washington, DC 20002.

12.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14.     Plaintiff's cell phone number, 215-XXX-5091 has been on the FTC's federal Do Not Call Registry since June 19, 2015.

15.     Plaintiff placed his cell phone number on the Do Not Call registry due to his desire for solitude and a desire to be free of unwanted calls and text messages.

16.     Defendant NRSC is a political organization that raises money for Republican Senatorial candidates.

17.     Defendant has devised and implemented a campaign fundraising strategy which includes the transmission of text messages to prospective donors.

18.     Plaintiff never consented to receive text messages from the NRSC.

2

19.     Despite the fact that Plaintiff's cell phone number had been registered on the Do Not Call list since 2015, and despite the fact that Plaintiff never consented for the NRSC to call or text him, Defendant placed a series of harassing and intrusive calls seeking to raise money for political candidates in or around September 2020.

20.     Specifically, Defendant sent text messages to Plaintiff's cell phone for the purpose of soliciting campaign donations at dates/times including but not limited to:

- 09/09/2020 at 6:43 pm EST;

- 09/10/2020 at 1:57 pm EST;

- 09/12/2020 at 2:37 pm EST;

- 09/15/2020 at 5:57 pm EST;

- 09/17/2020 at 4:11 pm EST; and

- 09/18/2020 at 1:47 pm EST.

21.     Defendant's text messages were generic and obviously pre-written.

22.     On NRSC's website, the organization concedes that its communications are "recurring autodialed marketing messages." (*See* Ex. A, Printout from NRSC's webpage, p. 6 ("By participating, you agree to the terms & privacy policy (55404-info.com) for recurring autodialed marketing messages from NRSC to the phone number you provide.")[1]

23.      Accordingly, the text messages qualify as "calls with a pre-recorded voice" and calls made with an automatic telephone dialing system under the TCPA.

24.     Plaintiff found the calls to be annoying, disruptive, frustrating and an invasion of his privacy.

25.     The actions described herein were in violation of the TCPA.

---

[1] Again, Plaintiff did not consent to receiving the aforementioned text messages from NRSC prior to the NRSC's issuance of said text messages.

3

PLAINTIFF'S AMENDED COMPLAINT

1

2
## COUNT I
### Defendants Violated the TCPA 47 U.S.C. § 227(b)

3

4
26.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at

5
length herein.

6
27.     The TCPA prohibits placing calls or text messages using an automatic telephone

7
dialing system or automatically generated or prerecorded voice to a cellular telephone except

8
where the caller has the prior express consent of the called party to make such calls or where the

9
call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

10
28.     Because a text is a "call' under the TCPA, by logical extension, a text with a pre-

11
written script is a "call with a pre-recorded voice" under the statute.

12
29.     Defendant sent to Plaintiff text messages with pre-written script.

13
30.     Upon information and belief, Defendant uses dialing technology, which calls

14
phone numbers from a stored list using a random or sequential number generator to select those

15
phone numbers.

16
31.     Here, Defendant initiated multiple text messages to Plaintiff's cellular telephone

17
number using an automatic telephone dialing system.

18
32.     Defendant's texts were not made for "emergency purposes."

19
33.     Defendant's texts to Plaintiff's cellular telephones without any prior express

20
consent.

21

22
23.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do

23
Not Call Registry.

24

25

4

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
### Defendant Violated the TCPA 47 U.S.C. § 227(C)

27.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

29.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2015.

30.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

5

PLAINTIFF'S AMENDED COMPLAINT

1
2
3

31.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

4
5
6

32.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

7
8
9

**Wherefore**, Plaintiff, **ROLANDO CAMUNAS,** respectfully prays for judgment as follows:

10
11

a.      All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

12
13

b.      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

14
15

c.      Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

16
17

d.      Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

18
19

e.      Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

20
21

f.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

22

g.      Any other relief this Honorable Court deems appropriate.

23
24
25

6

PLAINTIFF'S AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROLANDO CAMUNAS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/16/2021

By: */s/ Jacob U. Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 104
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

CERTIFICATE OF SERVICE

I, Jacob U. Ginsburg, hereby certify that on April 16, 2021 a true and correct copy of the foregoing Amended Complaint was served on all parties of record via ECF.

*/s/ Jacob U. Ginsburg*

7

PLAINTIFF'S AMENDED COMPLAINT