UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLANDO CAMUNAS, | ) |
| | ) Case No.: 2:21-cv-01005-ER |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL REPUBLICAN SENATORIAL COMMITTEE, | ) SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| | ) |
| Defendant. | ) |

## SECOND AMENDED COMPLAINT

ROLANDO CAMUNAS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL REPUBLICAN SENATORIAL COMMITTEE ("Defendant" or "NRSC"):

## INTRODUCTION

1.  Plaintiff's Second Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendant conducts business in the Commonwealth of Pennsylvania.

4.  Plaintiff resides in the Commonwealth of Pennsylvania.

5.  The acts and omissions described herein occurred primarily in the Commonwealth of Pennsylvania.

6.  Accordingly, personal jurisdiction is established.

7. Plaintiff resides in Philadelphia and received the unwanted text messages in Philadelphia on his (215) area cell phone.

8. Accordingly, Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

10. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a corporation that has its headquarters located at 425 2ND Street NE, Washington, DC 20002.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### The NRSC and Fundraising Solicitation Text Messages

14. Defendant NRSC is a political organization that raises money for Republican Senatorial candidates.

15. Defendant has devised and implemented a fundraising strategy which includes the transmission of text messages to prospective donors.

16. Having determined it was an efficient method to raise money for senate candidates, the NRSC inundated prospective donors with a high volume of pre-scripted text message "blasts".

PLAINTIFF'S SECOND AMENDED COMPLAINT

17. On NRSC's website, the organization concedes that its communications are "recurring autodialed marketing messages." (*See* Ex. A, Printout from NRSC's webpage, p. 6 ("By participating, you agree to the terms & privacy policy (55404-info.com) for recurring autodialed marketing messages from NRSC to the phone number you provide."))[1]

18. The frequency and recurrent nature of the NRSC fundraising text messages was so overwhelming and tedious, it led prominent conservative attorney and activist Will Chamberlain to screenshot several of the fundraising text messages and to proclaim via tweet "Hi @WINRED and @NRSC! These text message are not TCPA compliant."[2]  (*See* Ex. B, Will Chamberlain tweet, 07/30/2020.)

### The NRSC's Text Messages to Plaintiff

19. Plaintiff's cell phone number, 215-XXX-5091 has been on the FTC's federal Do Not Call Registry since June 19, 2015.

20. Plaintiff registered his cell phone number on the Do Not Call registry due to his desire for solitude and a desire to be free of unwanted calls and text messages.

21. Plaintiff never consented to receive text messages from the NRSC, never donated to the NRSC and never "subscribed" to receive NRSC fundraising texts.

22. Despite the fact that Plaintiff's cell phone number had been registered on the Do Not Call list since 2015, and despite the fact that Plaintiff never consented for the NRSC to call or text him, Defendant placed a series of harassing and intrusive text messages seeking to raise money for political candidates in or around September 2020.

---

[1] Again, Plaintiff did not consent to receiving the aforementioned text messages from NRSC prior to the NRSC's issuance of said text messages.

[2] Mr. Chamberlain is not a judge or TCPA scholar.  Reference to this tweet is simply to demonstrate that the volume of NRSC's "blast" text messages blasts - and impropriety of same - was so brazen that even allies noted the organization's non-compliance with the statute.

23. Plaintiff knows the texts were sent by the NRSC and/or at the direction of NRSC because of the text messages contained a link to the NRSC's website.

24. Specifically, Defendant sent text messages to Plaintiff including but not limited to.

25. On or around 09/07/2020 at approximately 2:00 pm EST, utilizing the toll-free number 1 (855) 265-3489, Defendant sent to Plaintiff a generic, pre-scripted text message reading "It's Eric Trump. 5X-Matching is extended 24HRS. We're just 57 days away from Election Day & need your help NOW to close the gap! http:/./teamtrump.co.l" (A true and correct copy of a screenshot of that text message with a printout of the link from the referenced website is attached as Exhibit "C.")

26. Plaintiff knows this text came not from Eric Trump, but from the NRSC (or an agent acting at the NRSC's direction and/or for the benefit of the NRSC) because Plaintiff clicked the link identified in the subject text message to confirm the identity of the texting party. When Plaintiff did so, his browser was directed on the NRSC's website.

27. Plaintiff captured screenshot images of the NRSC website, which seek donations for the NRSC. (See Ex. "C.")

28. The NRSC website to which Plaintiff was directed stated: "By providing your cell phone or mobile phone number you are consenting to receive calls and texts, including autodialed and automated calls and texts." (Ex. "C.") Plaintiff did not provide his phone number to NRSC at any time.

29. On or around 09/09/2020 at approximately 6:43 pm EST, utilizing the toll-free number 1 (844) 264-7859, Defendant sent to Plaintiff a generic, pre-scripted text message reading "Hi, you're listed as a Trump supporter who has NOT endorsed the President for 2020. If

you stand with Trump, update your record: http:/.//nrsc.news/3v." (A true and correct copy of a screenshot of that text message with a printout of the link from the referenced website is attached as Exhibit "D.")

30. Plaintiff knows this text came from the NRSC (or an agent acting at the NRSC's direction and/or for the benefit of the NRSC) because the link referenced in the text identifies "NRSC" and when Plaintiff clicked the link to confirm the identity of the texting party, his browser landed on the NRSC's website.

31. As of May 28, 2021, the URL identified in the text leads to the NRSC's website. (*See* Ex. "D", NRSC  restore the majority" link.)

32. On or around 09/10/2020 at approximately 1:57 pm EST, utilizing the toll-free number 1 (844) 264-7946, Defendant sent to Plaintiff a generic, pre-scripted text message reading "Pres Trump is rallying in Michigan TONIGHT! You only have a few hrs left to submit your official endorsement for 2020. Act now -> http:/./bit.ly.2rc8bK." (A true and correct copy of a screenshot of that text message with a printout of the link from the referenced website is attached as Exhibit "E.")

33. Plaintiff knows this text came from the NRSC (or an agent acting at the NRSC's direction and/or for the benefit of the NRSC) because Plaintiff clicked the link identified in the subject text message to confirm the identity of the texting party. When Plaintiff did so, his browser was directed on the NRSC's website. (*See* Ex. "E.")

34. As of 05/28/2021, the above-referenced URL is still owned by the NRSC. (See Ex. "E.")

35. On or around 09/12/2020 at approximately 1:57 pm EST, utilizing the toll-free number 1 (855) 264-7896, Defendant sent to Plaintiff a generic, pre-scripted text message

reading "ALERT: Pres. Trump & Sleepy Joe are neck-and-neck We need YOU! Sign the 2020 pledge to VOTE TRUMP to help our President WIN: http:/./bit.ly/2DSuTo1.." (A true and correct copy of a screenshot of that text message with a printout of the link from the referenced website is attached as Exhibit "F.")

36. Plaintiff knows this text came from the NRSC (or an agent acting at the NRSC's direction and/or for the benefit of the NRSC) because Plaintiff clicked the link identified in the subject text message. Plaintiff did so not to help Pres. Trump pull ahead of "Sleepy Joe" but to confirm the identity of the texting party. When Plaintiff did so, his browser was directed on the NRSC's website.

37. As of 05/31/2021, the above-referenced URL is still owned by the NRSC. (See Ex. "F.")

38. On or around 09/15/2020 at approximately 5:57 pm EST, utilizing the toll-free number 1 (844) 605-3489, Defendant sent to Plaintiff a generic, pre-scripted text message reading "Did you see Eric Trump's text We still need YOU to complete your pledge to VOTE TRUMP! The deadline is tonight. Add your name:: http:/./teamtrump.co3q." (A true and correct copy of a screenshot of that text message with a printout of the link from the referenced website is attached as Exhibit "G.")

39. Plaintiff knows this text came from the NRSC (or an agent acting at the NRSC's direction and/or for the benefit of the NRSC) because Plaintiff clicked the link identified in the subject text message to confirm the identity of the texting party. When Plaintiff did so, his browser was directed on the NRSC's website.

40. Plaintiff captured screenshot images of the NRSC website, which seek donations for the NRSC. (See Ex. "G")

41. On or around 10/16/2020 at approximately 7:12 pm EST from the number 936-249-9558, Defendant sent to Plaintiff a pre-scripted text message, which was generic other than the fact it was addressed to an individual named "Wilford." The subject text read "Sorry for bugging you, Wilford. This deadline is vital. If you give $15 we can catch Biden, Schumer & the Dems! If not, we lose. 6x now: trump-team.com/nnz." (A true and correct copy of a screenshot of that text message with a printout of the link from the referenced website is attached as Exhibit "H.")

42. Plaintiff knows this text came from the NRSC (or an agent acting at the NRSC's direction and/or for the benefit of the NRSC) because Plaintiff clicked the link identified in the subject text message to confirm the identity of the texting party. When Plaintiff did so, his browser was directed on the NRSC's website. Plaintiff captured screenshot images of the NRSC website, which seek donations for the NRSC. (See Ex. "H")

43. Plaintiff has never gone by the name "Wilford" - to whom the text was addressed.

44. Given the high volume of texts Plaintiff received from NRSC where Plaintiff has never consented to calls from the NRSC or signed up for same, it appears Defendant his number as though it belonged to an NRSC message subscriber named "Wilford."

45. Plaintiff found the text messages to be annoying, disruptive, frustrating and an invasion of his privacy.

**Plaintiff Reasonably Infers Defendant Caused Text Messages to be Sent Using ATDS**

46. There are various reasons why Plaintiff believes the text messages he received from NRSC were sent using an automatic telephone dialing system.

47. First, Defendant's text messages were impersonal, generic and obviously pre-written.[3]

48. Plaintiff also received a relatively high volume of text messages despite the lack of consent or prior relationship.[4]

49. Furthermore, most of the text messages Plaintiff received from the NRSC appear to have been sent from toll-free numbers. Just as messages sent from short-code numbers create an inference that messages were sent out *en masse*, that same inference can be drawn from the use of toll-free numbers; organizations use toll free numbers when engaging in a high-volume of interactions and communications. Signs of an "institutional sender" can create an inference of ATDS.[5]

50. Additionally, Defendant's own website concedes the NRSC sends "recurring autodialed marketing messages." (*See* Ex. "A.")[6]

51. Defendant will contend that it only sends autodialed messages to "subscribers". However, the volume of text messages Plaintiff received from the NRSC despite never consenting to receive calls/texts from the NRSC, coupled with the fact that Plaintiff received a

---

[3] In the context of a text message, a "generic message content may be sufficient to support an inference that an ATDS was used." Gragg v. Orange Cab Co., 942 F. Supp. 2d 1111, 1115 (W.D. Wash. 2013); *see also* Davis v. D.R. Horton Inc., No. 19-1686-MN-JLH, 2020 U.S. Dist. LEXIS 44977, at *5 (D. Del. Mar. 16, 2020) ("plaintiff alleges that she received impersonal text messages and that they were sent using a vanity short code. Plaintiff further alleges that, upon and information and belief, defendant used an ATDS. That is enough to proceed at this stage of the litigation.")

[4] Zemel v. CSC Holdings LLC, Civil Action No. 18-2340-BRM-DEA, 2018 U.S. Dist. LEXIS 201917, at *16 (D.N.J. Nov. 29, 2018) (case identified by this Court as "Zemel II")(unsolicited text messages from short code number without prior existing relationship all factors sufficient to create an inference that the defendant used an ATDS.)

[5] cf. Freidman v. Massage Envy Franchising, LCC, 2013 U.S. Dist. LEXIS 84250, 2013 WL 3026641, at *2 (S.D. Cal. June 13, 2013)("The text of the SMS message ... clearly suggests that it is from an institutional sender without any personalization, support the inference that an ATDS was used to send the messages"); *see* Sojka v. DirectBuy, Inc., 35 F. Supp. 3d 996, 1004 (N.D. Ill. 2014) (same).

[6] Sieleman v. Freedom Mortg. Corp., No. 17-13110, 2018 U.S. Dist. LEXIS 129698 (D.N.J. Aug. 2, 2018) (website stating mortgage company uses autodialer supports inference of ATDS).

text addressed to someone named "Wilford" leads Plaintiff to believe Defendant incorrectly classified him as a subscriber named "Wilford".

52. Because Defendant concedes it sends autodialed messages (at least to "subscribers") and Defendant appears to have classified Plaintiff's number as belonging to a subscriber named "Wilford", Plaintiff reasonably believes that Defendant sent him texts using an ATDS.

53. While Plaintiff has not yet had the benefit of discovery, the factors above are more than sufficient to infer ATDS was utilized by the NRSC.

54. The actions described herein were in violation of the TCPA.

## COUNT I
## Defendants Violated the TCPA 47 U.S.C. § 227(b)

55. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

56. The TCPA prohibits placing calls or text messages using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

57. Because a text is a "call" under the TCPA, by logical extension, a text with a pre-written script is a "call with a pre-recorded voice" under the statute.

58. Defendant sent to Plaintiff text messages with pre-written script.

59. Upon information and belief, Defendant uses dialing technology, which calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers.

60. Here, Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

61. Defendant's texts were not made for "emergency purposes."

62. Defendant's texts to Plaintiff's cellular telephones without any prior express consent.

63. Defendant repeatedly contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

64. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

65. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

66. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
### Defendant Violated the TCPA 47 U.S.C. § 227(C)

67. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

68. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

69. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2015.

70. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

71. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

72. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **ROLANDO CAMUNAS,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

  e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

  f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

  g. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROLANDO CAMUNAS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: June 15, 2021

By: */s/ Jacob U. Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 104
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

CERTIFICATE OF SERVICE

I, Jacob U. Ginsburg, hereby certify that on June 15, 2021 a true and correct copy of the foregoing Second Amended Complaint was served on all parties of record via ECF.

*/s/ Jacob U. Ginsburg*